JOHN H. HAZARD, APPELLANT, *v.* ROBERT R. HEFFORD
AND OTHERS, RESPONDENTS.

*Will — Undue influence — what is not.*

To invalidate a will, it must be proved that it was procured by force, threats or
coercion, destroying free agency. The exercise of influence springing from
the family relation, or from considerations of service, affection or gratitude, is
not undue, even though it be pressed to the extent of unreasonable importunity.

APPEAL from a decree of the surrogate of the county of Erie,
admitting to probate the will and codicil of Maria B. Hazard,
deceased.

*Perry G. Parker*, for the appellant.

*Spencer Clinton*, for the respondents.

GILBERT, J.:

Upon the evidence before us, no doubt of the testable capacity of
the testatrix can be rationally indulged. It is not necessary to refer
to the legal test on this subject, for her mental condition, as
described by the witnesses, was much better than the rule, put
forth by the appellant, requires.

With respect to the charge of undue influence, we have care-
fully scrutinized the evidence, and are satisfied that it has not been
sustained. There may be, perhaps, cause to suspect that the father of
the principal beneficiary, exerted some influence in procuring some
of the obnoxious provisions to be inserted in the will. But there
is no proof of such influence, and if that fact were proved, it
would not invalidate the will. The law requires that the influence
be such as to deprive the testatrix of the free exercise of her will,
at the time of doing the testamentary act.* To invalidate the
will, it must be proved that it was procured by force, threats, or
coercion, destroying free agency. The exercise of the influence
springing from the family relation, or from considerations of ser-
vice, affection or gratitude, is not undue, even though it be pressed

* Gardiner v. Gardiner, 34 N. Y., 155.

to the extent of unreasonable importunity. * The right of a testatrix to dispose of her property is absolute, and cannot be controlled by any evidence which falls short of establishing a defect of testamentary capacity, or actual fraud or coercion. Evidence that the testatrix had been influenced in making the will, would lead to no legal result. What influence, not amounting to fraud or coercion, would the law condemn? Such an inquiry would lead to an investigation of the motives and reasons operating on the mind of the testatrix, which would end only in confusion and doubt. It is, therefore, a wise and salutary rule which requires proof of actual coercion or fraud. Any other rule would render the power of testamentary disposition uncertain and of little value.

We have looked into the exceptions, but find none of them tenable.

The decree of the surrogate must be affirmed, with costs to be paid by the appellant.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Ordered accordingly.

* Clapp v. Fullerton, 34 N. Y., 197; Tyler v. Gardiner, 35 id., 559; Dean v. Negley, 41 Penn., 312.